IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| D.C.H., a minor child, by and through his natural mother and guardian, SHARONDA E. HARRIS, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 13-2237-STA-dkv |
| ROBERT MARK BRANNON, JR., individually and BRANNON LAW FIRM, | ) ) ) ) ) |
| Defendants, Third-Party Plaintiffs, | ) ) ) |
| v. | ) ) |
| AMANDA K. STRANGE, MATTHEW V. PORTER, PORTER & STRANGE, PLLC, | ) ) ) ) |
| Third-Party Defendants. | ) |

---

**ORDER DISMISSING PLAINTIFF'S CLAIMS AGAINST THE PORTER & STRANGE DEFENDANTS WITHOUT PREJUDICE AND DISMISSING THIRD PARTY COMPLAINT**

---

Before the Court is Defendants Porter & Strange, PLLC; Amanda K. Strange; and Matthew V. Porter's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 79) filed on May 2, 2014. On May 29, 2014, the minor Plaintiff D.C.H. filed a notice of voluntary dismissal (ECF No. 85) of his claims against these Defendants. For the reasons set forth below, the Motion to Dismiss is **DENIED** as moot, Plaintiff's claims against these Defendants are dismissed without prejudice,

1

and the Third Party Complaint is dismissed without prejudice.

## BACKGROUND

On April 18, 2013, Plaintiff filed a Complaint for legal malpractice under seal, naming Robert Mark Brannon, Jr., and the Brannon Law Firm as Defendants (hereinafter "the Brannon Defendants"). On May 20, 2013, the Brannon Defendants filed an Answer, and on October 28, 2013, the Brannon Defendants with leave of Court filed an Amended Answer and a Third Party Complaint (ECF No. 32) for contribution or indemnity against Porter & Strange, PLLC. Third Party Defendant Porter & Strange, PLLC filed its Answer to the Third Party Complaint on December 20, 2013. Thereafter, Plaintiff was granted leave to file a Second Amended Complaint, naming Porter & Strange, PLLC; Amanda K. Strange; and Matthew V. Porter ("the Porter & Strange Defendants") as Defendants.

By order of the Court, the parties engaged in mediation on January 20, 2014, at which time Plaintiff was able to reach a settlement with the Brannon Defendants. On March 6, 2014, Plaintiff filed a petition to approve the minor's settlement between Plaintiff and the Brannon Defendants. At a hearing on April 15, 2014, the Court approved the minor's settlement and entered a consent order of dismissal as to the Brannon Defendants on June 9, 2014. As a result, Plaintiff has no remaining claim in this action against the Brannon Defendants. The Brannon Defendants' Third Party Complaint against Porter & Strange, PLLC remains.

On May 2, 2014, the Porter & Strange Defendants filed a motion to dismiss for lack of subject matter jurisdiction (ECF No. 79). The Porter & Strange Defendants contend that there is no complete diversity of citizenship in this case. Plaintiff's Amended Complaint alleges that the minor Plaintiff resides with his mother who is a resident of the state of Mississippi. Defendant Amanda

K. Strange is also a Mississippi resident. As such, this Court lacks subject matter jurisdiction over Plaintiff's claims against the Porter & Strange Defendants. On May 29, 2014, Plaintiff filed a notice of voluntary dismissal as to the Porter & Strange Defendants, apparently in response to the argument of the Porter & Strange Defendants that the Court lacked jurisdiction over Plaintiff's claims against them.

## ANALYSIS

Federal Rule of Civil Procedure 41(a) permits a plaintiff to voluntarily dismiss a complaint without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.[1] While the Porter & Strange Defendants had filed a Rule 12(b)(1) Motion, these Defendants had not yet filed an answer to Plaintiff's Second Amended Complaint against them or a Rule 56 motion for summary judgment. Therefore, Plaintiff's notice of voluntarily dismissal operates as a dismissal without prejudice of all of Plaintiff's claims against the Porter & Strange Defendants. Under the circumstances, the Court finds the Porter & Strange Defendants' Motion to Dismiss to be moot and therefore **DENIES** the Motion.

In light of Plaintiff's settlement with the Brannon Defendants and voluntary dismissal of the Porter & Strange Defendants, Plaintiff has no claims remaining in this action. The only issue left for the Court's determination is whether it has subject matter jurisdiction over the Brannon Defendants' Third Party Complaint against Porter & Strange, PLLC. "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte.*"[2] At the time Plaintiff initiated this suit, the Court had subject matter jurisdiction over

---

[1] Fed. R. Civ. P. 41(a)(1)(A)(i).

[2] *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 710–11 (6th Cir. 2012).

3

Plaintiff's original claims against the Brannon Defendants by virtue of the parties' diversity of citizenship and the amount in controversy. Federal courts have "original jurisdiction of all civil actions . . . between citizens of different States" when the amount in controversy exceeds $75,000.[3] "Complete diversity between all plaintiffs and all defendants is required; no plaintiff can be the citizen of the same State as any defendant."[4] Plaintiff's initial Complaint alleged that the minor child and his mother are residents of the state of Mississippi and that the Brannon Law Firm is located in the state of Tennessee.[5] Based on these allegations, the Court had subject matter jurisdiction over Plaintiff's claims against the Brannon Defendants pursuant to 28 U.S.C. § 1332.

As for the third party claim of the Brannon Defendants against Porter & Strange, PLLC, the Third Party Complaint does not allege a specific basis for the Court's jurisdiction over the claim. Because the Court had jurisdiction over Plaintiff's underlying claims against the Brannon Defendants, the Court could properly exercise supplemental jurisdiction over the Third Party Complaint. "So long as a court has original jurisdiction over a civil action, § 1367(a) provides a broad grant of supplemental jurisdiction over other related claims."[6] Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts

---

[3] 28 U.S.C. § 1332(a)(1).

[4] *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013) (citing *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005).

[5] *See* Second Am. Compl. ¶ 1 (ECF. No. 62). Plaintiff did not actually allege that Brannon himself was a Tennessee resident. However, the Third Party Complaint alleges that Brannon is a resident of Tennessee and the Brannon Law Firm is a sole proprietorship. Third Party Compl. ¶ 4.

[6] *DeMoisey*, 718 F.3d at 541 (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 558–59 (2005) (internal punctuation omitted).

shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[7] In this case the Brannon Defendants' third party claim for contribution or indemnity against Porter & Strange, PLLC formed part of the same case or controversy between Plaintiff and the Brannon Defendants. Therefore, the Court holds that its jurisdiction over the Third Party Complaint was supplemental and derived only from § 1367(a).

Even so, "supplemental jurisdiction is discretionary, not mandatory."[8] Under 28 U.S.C. § 1367(c)(3), a "district court may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."[9] Here, the parties have settled the only claims over which the Court had original jurisdiction, Plaintiff's legal malpractice claims against the Brannon Defendants. On June 9, 2014, the Court entered a consent order of dismissal as to those claims. The only claim remaining is the Third Party Complaint of the Brannon Defendants against Porter & Strange, PLLC. Because the Court has now dismissed the claims over which it had original jurisdiction, the Court declines to exercise supplemental jurisdiction over the Third Party Complaint. Additionally, the allegations of the Third Party Complaint fail to allege that any other grounds, including the parties' diversity of citizenship, exist to give the Court subject matter jurisdiction over the claims.[10] Therefore, the Third Party Complaint is dismissed *sua sponte*

---

[7] 28 U.S.C. § 1367(a).

[8] *Charvat v. NMP, LLC*, 656 F.3d 440, 446 (6th Cir. 2011).

[9] 28 U.S.C. § 1367(c)(3).

[10] *Farmer v. Fisher*, 386 F. App'x 554, 557 (6th Cir. 2010) (holding that dismissal of a complaint was required where the pleadings did not allege citizenship of the parties and so failed to allege "an adequate basis for diversity jurisdiction").

and without prejudice.

## CONCLUSION

Plaintiff has now settled or voluntarily dismissed all of his claims against Defendants in this matter. Therefore, the Porter & Strange Defendants' Motion to Dismiss Plaintiff's claims against them is **DENIED** as moot. The only claim remaining then is the Brannon Defendants' Third Party Complaint for contribution or indemnity against Porter & Strange, PLLC. The Court declines to exercise supplemental jurisdiction over the claim because the Court has now dismissed all of the claims which gave the Court original jurisdiction. Therefore, the Third Party Complaint is dismissed without prejudice. The Clerk is directed to enter judgment.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 23, 2014.